UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| THURMAN L. WADE | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:03-CR-34-TS |
| | ) | (1:06-CV-7-TS) |
| UNITED STATES OF AMERICA | ) | |

**OPINION AND ORDER**

**A. Background**

The Defendant was charged in a one-count Indictment with violating 18 U.S.C. § 2113(a) and 18 U.S.C. § 2, bank robbery and aiding and abetting bank robbery. On July 16, 2003, the Defendant entered into a Plea Agreement with the United States. That same day, in a hearing before Magistrate Judge Cosbey, he changed his plea from not guilty to guilty. Judge Cosbey issued a Report and Recommendation advising this Court of the Defendant's change of plea. The Court accepted the Report and Recommendation on July 31, 2004. On October 21, 2003, the Court sentenced the Defendant to 151 months of imprisonment, consecutive to the sentence imposed by Allen Superior Court on August 26, 2003, in case 02D04-0207-Fd-439. Also on October 21, the Court issued Judgment and Commitment to the United States Marshal.

Over a year later, on November 9, 2004, the Defendant, without representation of counsel, filed a Motion for Permission to File Belated Notice of Appeal. The Defendant argued that, at his sentencing, his attorney provided him with ineffective assistance of counsel. On February 7, 2005, the Court denied the motion. Nevertheless, on February 17, 2006, the Defendant appealed his case to the Seventh Circuit. A month later, the Seventh Circuit issued an unpublished opinion stating that it had no jurisdiction over the Defendant's case because it was untimely appealed without a district

court's grant for an extension of the appeal period.

Now, more than two years since his sentencing, on January 9, 2006, the Defendant has filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. The government objected to the motion on February 13, 2006.

The Defendant once again raises the issue of ineffective assistance of counsel. He claims that he would have not pled guilty had his counsel advised him that he may be deemed a career criminal offender as a result of his guilty plea in state court before he was sentenced on his federal charges. He also insists that his counsel demonstrated his incompetence by failing to appeal his sentence within the statutory ten-day period.

The Defendant implies that, after his counsel failed to appeal his conviction and sentence, he was unable to do so himself because of constant relocation within the penitentiary system. A week after his sentencing, he was moved from the Allen County Jail to an Indiana State Prison to finish the remainder of his state sentence. Four weeks later, he was released by the Indiana Department of Corrections and was allowed to go back to Fort Wayne, where he spent time with his son and a newborn daughter. In January 2004, he was back in the Federal Marshal's custody. For the next nine months, the Defendant was moved to three different Indiana county jails and three different federal holding facilities, until he finally arrived to the United States Penitentiary in Inez, Kentucky, on October 20, 2004. The Defendant submits that during this period he did not have access to an adequate law library so as to appeal his case.

**B.  The Defendant's § 2255 Petition is Untimely**

A prisoner in federal custody, who believes that he has a right to be released upon the ground

that his sentence was imposed in violation of the Constitution or laws of the United States, may move the court to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. However, "[a] 1-year period of limitation shall apply to a motion under this section." § 2255. In this case, the limitation period began on "the date on which the judgment of conviction [became] final." *Id.*

That date was October 21, 2003, and the Defendant could have filed a § 2255 petition until October 21, 2004. The Defendant missed the mark by 446 days. However, he offers no plausible explanation for his lateness. Even if his frequent transfers interfered with his filing a § 2255 petition, he has not shown that such task was rendered impossible over a period of one year. Moreover, the Defendant has not explained why it took him almost a year and three months to file his petition once he was permanently placed in Inez, Kentucky. Therefore, in accordance with the explicit language of the statute—"a 1-year period of limitation shall apply"—the Court denies the Defendant's § 2255 petition as late.

The Defendant should know, however, that his petition would have been denied even if it was timely because, in his Plea Agreement, he had knowingly and voluntarily waived his right to appeal his conviction and sentence "in any post-conviction proceeding, including, but not limited to, a proceeding under 28 U.S.C. § 2255." (Df. Plea Agreement 12c, DE 31.) The Defendant does not claim that this waiver was the product of ineffective assistance of counsel nor has he set forth facts illustrating that his attorney was deficient in negotiating his Plea Agreement. In addition, at his plea hearing, the Defendant affirmatively answered the Court's questions as to whether he understood that under his Plea Agreement he was waiving his right to appeal and that the Court had authority to impose any sentence within the statutory maximum. If plea agreements are to continue having any worth, they must be enforced as agreed by the parties. *Cf. United States v. Williams*, 184

F.3d 666, 670 (7th Cir. 1999) (a defendant, who was on notice through a plea agreement that the sentence imposed could be more than he or the government expected, is bound by that plea agreement); *United States v. Standiford*, 148 F.3d 864, 867 (7th Cir. 1998) ("[L]aw in this circuit is clear: [knowing and voluntary] [w]aivers of appeal are enforceable.").

## CONCLUSION

For these reasons, the Court denies the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in a Federal Custody. [DE 50].

SO ORDERED on July 7, 2006.

    S/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT